NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMOR DEMBY,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | No. 23cv21727 (EP) (JSA)<br><br>OPINION |

**PADIN, District Judge.**

Plaintiff Jamor Demby, a state prisoner in South Woods State Prison, New Jersey, filed a *pro se* Complaint against Defendant United States. D.E. 1 ("Compl." or "Complaint"). Because Plaintiff has been granted *in forma pauperis* ("IFP") status, D.E. 12, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2).

For the reasons below, the Court will **DISMISS** the Complaint *with prejudice*. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court will **DENY** Plaintiff leave to amend.

**I.    BACKGROUND**

The Complaint states in its entirety:

> In the current case the defendant (United States of America) is liable to the plaintiff based upon the fact that while in custody at East Jersey State Prison [("EJSP")] Under SBI#00982910b on 8-22-2022 plaintiff tested positive for the Corona-Virus/ and or [sic] covid-19 while housed at the facility.

Compl. at 1. Plaintiff seeks damages for mental and emotional distress. *Id.* at 1-2.

II.     LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA") requires a district court to *sua sponte* screen a civil Complaint filed by a prisoner proceeding IFP for cognizable claims and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit.  28 U.S.C. § 1915(e)(2).

To survive a *sua sponte* screening for failure to state a claim, the Complaint must allege "sufficient factual matter" to show that the plaintiff's claims are facially plausible.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"The Court must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim."  *Durham v. Kelley*, 82 F.4th 217, 223 (3d Cir. 2023).  Moreover, "[c]omplaints filed *pro se* should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

III.    ANALYSIS

Plaintiff cites to 28 U.S.C. § 1346(b)(2) for this Court's jurisdiction "[t]o redress the depravation of rights secured by the United States Constitution." Compl. at 1.  However, this subsection states that "[n]o person convicted of a felony who is incarcerated while awaiting

2

sentencing or while serving a sentence may bring a civil action against the United States or an agency, officer, or employee of the Government, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 28 U.S.C. § 1346(b)(2). Reading Plaintiff's Complaint liberally, his claim could be filed pursuant to either the Tucker Act, 28 U.S.C. § 1346(a), or the Federal Torts Claims Act, 28 U.S.C. § 1346(b) ("FTCA"). The Complaint cannot proceed under either statute.

### A. Plaintiff Fails to State a Claim Pursuant to the Tucker Act

The Tucker Act "gives district courts jurisdiction over claims against the United States for money damages of less than $10,000 that are 'founded . . . upon the Constitution.'" *Richardson v. Morris*, 409 U.S. 464, 465 (1973) (quoting 28 U.S.C. § 1346(a)(2) (omission in original)). "Not every claim invoking the Constitution . . . is cognizable under the Tucker Act. The claim must be one for money damages against the United States, and the claimant must demonstrate that the source of substantive law he relies upon can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." *United States v. Mitchell*, 463 U.S. 206, 216–17 (1983) (internal citations and quotation marks omitted). Plaintiff asserts that he is entitled to compensation because he contracted COVID-19 while in EJSP, Compl. at 1, so the Court presumes that the relevant constitutional provision is the Eighth Amendment's prohibition on cruel and unusual punishment. U.S. Const. amend. VIII.

"The Constitution 'does not mandate comfortable prisons,' but neither does it permit inhumane ones and it is now settled that 'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981); *Helling v. McKinney*, 509 U.S. 25, 31 (1993)). "The Eighth Amendment imposes duties

on prison officials to 'provide humane conditions of confinement' and 'ensure that inmates receive adequate food, clothing, shelter, and medical care.'" *Barndt v. Wenerowicz*, 698 F. App'x 673, 676–77 (3d Cir. 2017) (*per curiam*) (quoting *Farmer*, 511 U.S. at 832). To allege an Eighth Amendment conditions of confinement claim, Plaintiff must provide facts showing "that (1) the deprivation alleged was objectively, 'sufficiently serious' such that the prison officials' acts or omissions resulted in the denial of 'the minimal civilized measure of life's necessities'; and (2) that the prison officials exhibited a 'deliberate indifference' to his health and safety." *Id.* at 677 (quoting *Farmer*, 511 U.S. at 834). "Deliberate indifference requires significantly more than negligence." *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 329 (3d Cir. 2020).

Plaintiff has failed to allege facts that would support an Eighth Amendment claim against the United States. The Court takes judicial notice that EJSP is a state prison operated by the State of New Jersey. *See* New Jersey Department of Corrections, https://perma.cc/HU49-AJT2 (last visited Apr. 17, 2024); *see also* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). There are no facts in the Complaint from which the Court could plausibly infer that the United States is responsible for the conditions at a prison run by New Jersey. Therefore, Plaintiff has failed to state a claim.

### B. Plaintiff Fails to State a Claim Pursuant to the FTCA

Plaintiff has also failed to state a FTCA claim. "The FTCA waives sovereign immunity and grants district courts jurisdiction over tort claims against the United States 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 179 (3d Cir. 2000) (quoting 28 U.S.C. § 1346(b)(1)) (emphasis

4

omitted), *modified on other grounds by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003). However, the FTCA does not extend to constitutional torts. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994) (holding a "constitutional tort claim is not 'cognizable' under [section] 1346(b) because it is not actionable under [section] 1346(b) — that is, [section] 1346(b) does not provide a cause of action for such a claim"). Plaintiff has not stated an FTCA claim.

### C. The Court Will Deny Leave to Amend

Generally, "[a] plaintiff[] who file[s a] complaint[ ] subject to dismissal under [section] 1915] should receive leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). The Court concludes that further attempts to amend the Complaint would be futile because EJSP is operated by the State of New Jersey, not the United States.

## IV. CONCLUSION

For the reasons stated above, the Court will **DISMISS** the Complaint *with prejudice*. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court will **DENY** leave to amend. An appropriate Order will follow.

 4/25/2024   
Date

Evelyn Padin, U.S.D.J.